[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION FOR REASSIGNMENT
On January 10, 2002, this court heard argument on the Plaintiff's Motion for Reassignment The gravamen of this request stems from a hearing on numerous motions that Judge Parker conducted on July 16, 2002. Some of the motions were ruled upon from the bench; others were decided subsequently and notices sent to the parties on August 29, 2001. The plaintiff claims that there are outstanding issues undecided by Judge Parker, although these have not been specifically identified in this motion. The plaintiff further maintains that 120 days have elapsed since the "submission of the final items," without a decision by the court. CT Page 838 Pursuant to Connecticut Rules of Practice § 11-19, the plaintiff is seeking to have these motions reheard and decided by a different judge.
Connecticut Rules of Practice § 11-19 provides:
 (a) Any judge of the superior court and any judge trial referee to whom a short calendar matter has been submitted for decision, with or without oral argument, shall issue a decision on such matter not later than 120 days from the date of such submission, unless such time limit is waived by the parties. In the event that the judge or referee conducts a hearing on the matter and/or the parties file briefs concerning it, the date of submission for purposes of this section shall be the date the matter is heard or the date the last brief ordered by the court is filed, whichever occurs later. If a decision is not rendered within this period the matter may be. claimed in accordance with subsection (b) for assignment to another judge or referee.
 (b) A party seeking to invoke the provisions of this section shall not later than fourteen days after the expiration of the 120 day period file with the clerk a motion for reassignment of the undecided short calendar matter which shall set forth the date of submission of the short calendar matter, the name of the judge or referee to whom it was submitted, that a timely decision on the matter has not been rendered, and whether or not oral argument is requested or testimony is required. The failure of a party to file a timely motion for reassignment shall be deemed a waiver by that party of the 120 day time.
The court has reviewed the transcript of the July 16, 2001 hearing, as well as the court file and finds no evidence that Judge Parker ordered the parties to submit briefs on the issues presented in the July 16, 2001 hearing. Accordingly, the court finds that the date of submission is July 16, 2001. The plaintiff's Motion for Reassignment was filed January 7, 2002, one hundred and seventy-five days after the hearing conducted by Judge Parker. Because the plaintiff did not file this motion within fourteen days after the expiration of the 120 day period, the 120 day time limitation is deemed waived by the parties. CT Page 839
The plaintiff did file unsolicited post hearing briefs on the following days: July 19, 2001; July 31, 2001, and August 10, 2001. Even if the last date of such filing is utilized as the date of submission, the plaintiff is still beyond the permissible time period within which to file a motion pursuant to P.B. § 11-19. The plaintiff asserts that September 7, 2001, the date that she filed a financial affidavit which had been requested by the court, should be the date of submission. The court finds this position untenable. A financial affidavit is not a "brief" within the meaning of P.B. § 11-19. Moreover, the parties should have been prepared with financial affidavits on July 16, 2001, knowing that monetary issues were to be argued.
For the above reasons, the plaintiff's Motion for Reassignment is denied.
By the Court,
CAROL A. WOLVEN
JUDGE OF THE SUPERIOR COURT